**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TIMMY JEROME SMITH, : | |
| Plaintiff, : | Civil No. 08-4839 (WJM) |
| v. : | |
| SCOTT D. FINCKENAUER, et al., : | **O P I N I O N** |
| Defendants. : | |

**APPEARANCES:**

Timmy Jerome Smith, Pro Se
# 291415-110433C
Northern State Prison
168 Frontage Road
Newark, NJ 07114-2300

**MARTINI, District Judge**

Plaintiff, Timmy Jerome Smith, currently incarcerated at the Northern State Prison, Newark, New Jersey, seeks to bring this action in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the following reasons, plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff states that in 1995 he was accused of murder in the State of New Jersey, and subsequently convicted. He appealed his conviction and filed post-conviction relief motions in state court. Plaintiff seeks to sue his defense counsel at his trial, Scott D. Finckenauer, for ineffective assistance of counsel and other claims regarding the trial. Plaintiff also seeks to sue William Murray, the prosecutor, who, plaintiff alleges, withheld exculpatory evidence at trial. Plaintiff also names the Bergen County Prosecutor's Office, the New Jersey Public Defender's Office, and the State of New Jersey as defendants. He complains of trial court errors, and errors committed on appeal.

Plaintiff asks this Court to overturn his conviction based on ineffective assistance of counsel, and recanted testimony of a witness at trial.

## DISCUSSION

**A.  Standard of Review**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir.

2

1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to puss muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required

>   element.  This "does not impose a probability
>   requirement at the pleading stage[ ]" but . . . "calls
>   for enough facts to raise a reasonable expectation that
>   discovery will reveal evidence of" the necessary
>   element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

>   Every person who, under color of any statute,
>   ordinance, regulation, custom, or usage, of any State
>   or Territory ... subjects, or causes to be subjected,
>   any citizen of the United States or other person within
>   the jurisdiction thereof to the deprivation of any
>   rights, privileges, or immunities secured by the
>   Constitution and laws, shall be liable to the party
>   injured in an action at law, suit in equity, or other
>   proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.      **Plaintiff's Request for Release Will Be Dismissed.**

Plaintiff's request for release and dismissal of all charges will be dismissed.  In a series of cases beginning with <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.

In this case, to the extent that plaintiff asserts that there were violations in his trial and asks for release, his claims are not cognizable in this § 1983 action.  Plaintiff must file a habeas petition, pursuant to 28 U.S.C. § 2254, after exhaustion of his state court proceedings.  Therefore, in accordance with <u>Preiser</u>, the claims presented in the petition are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).[1]

---

[1]  The Court further notes that the defendants named in this action are not proper defendants in a § 1983 action.  The State of New Jersey is entitled to immunity from suit under the Eleventh Amendment to the United States Constitution.  Defendant Finckenauer, as an attorney, is not a state actor for purposes of § 1983.  <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981)

**CONCLUSION**

Based upon the foregoing, plaintiff's complaint will be dismissed. The Court will file an appropriate order.

                                          s/William J. Martini

                                          _____
                                          WILLIAM J. MARTINI
                                          United States District Judge

Dated: 11/10/08

---

(holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law). Defendant Murray, as a prosecutor, is entitled to immunity from suit. See Imbler v. Pachtman, 424 U.S. 409 (1976) (prosecutors are immune from damages for actions taken in their official prosecutorial capacity).

    Additionally, the Court further notes that although plaintiff may allege facts indicating that he received ineffective assistance of counsel and of various constitutional errors in the course of his trial, plaintiff has not plead that his conviction has been overturned or reversed on appeal or other collateral review, to allow him to be awarded monetary damages. See Heck v. Humphrey, 512 U.S. 477 (1994).